# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KEVIN KENNEY,

        Petitioner,

vs.                                                                            No. CV 18-01163 JCH/KRS

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondent.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Kevin Kenney on December 11, 2018 (Doc. 1). It appears from the record that Petitioner Kenney was not in custody at the time he filed his Petition. The Court will order Petitioner Kenney to show cause why this case should not be dismissed for lack of jurisdiction.

Section 2254 authorizes federal courts to review habeas petitions only if the petitioner raises his claims while he is in custody. A habeas corpus claim must assert a right to release from that custody on federal law grounds. *See* 28 U.S.C. § 2254 (providing that a "court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States* ") (emphasis added); *see also Triplet v. Franklin,* 365 F. App'x. 86 (10th Cir.2010) (unpublished). Section 2254's custody requirement is jurisdictional and a federal court cannot grant habeas corpus relief if the custody requirement is not met. *McCormick v. Kline* 572 F.3d 841, 847–848 (10th Cir.2009). A petitioner satisfies the custody requirement only if he

is in state custody at the time the habeas petition is filed. *Mays v. Dinwiddie,* 580 F.3d 1136, 1139 (10th Cir.2009); *Kirby v. Janecka*, 379 F. App'x 781, 782–83 (10th Cir. 2010).

Petitioner Kenney filed his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus on December 11, 2018. (Doc. 1 at 1). In his Petition, Kenney challenges his conviction and sentence in State of New Mexico, County of Bernalillo, Second Judicial District Court cause no. D-202-CR-2016-03129. (Doc. 1 at 1). He claims he was not afforded a fair trial and his conviction imposing a three-year sentence of incarceration in the custody of the New Mexico Department of Corrections violates his due process rights. (Doc. 1 at 1—3). However, Petitioner Kenney's Application to Proceed in District Court Without Prepaying Fees and Costs states "***Released from Department of Correction on 12-3-18.***" (Doc. 2 at 1 (emphasis added)). If Petitioner Kenney was released from Department of Corrections' custody on December 3, 2018, then he was not in custody at the time his Petition was filed and the Court lacks jurisdiction to grant habeas corpus relief. *Mays v. Dinwiddie,* 580 F.3d at 1139. The Court will order Kenney to show cause, no later than 30 days after entry of this Order, why his Petition should not be dismissed for lack of jurisdiction.

**IT IS ORDERED** that Petitioner Kevin Kenney show cause, within 30 days, why his Petition Under 28 U.S.C. § 2254 should not be dismissed for lack of jurisdiction.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE